UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DENNIS A. GHOSTON, and ) <br> DENISHA GHOSTON, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> GARY RAILWAY COMPANY, and ) <br> UNITED STATES STEEL CORPORATION, ) <br>  ) <br> Defendants. ) | No. 2:20 CV 402 |

## OPINION and ORDER

### I.  BACKGROUND

Plaintiff Dennis Ghoston[1] alleges that he was an employee of defendant Gary Railway Company when he sustained injuries while working at a railroad yard owned and operated by defendant United States Steel Corporation. (DE # 1.) In Count II of his complaint, plaintiff alleges that United States Steel is liable for his injuries under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, since it performed joint railroad operational activities with Gary Railway Company. Defendant has moved to dismiss Count II, only, under Federal Rule of Civil Procedure 12(b)(6). (DE # 10.)

---

[1] This case involves two plaintiffs, Dennis Ghoston and his wife, Denisha Ghoston. For ease of understanding the present opinion, however, the court refers to only Dennis, as he is the relevant plaintiff with respect to the employment question at issue in Count II, which is the subject of the present motion to dismiss.

## II.    LEGAL STANDARD

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). In assessing the pleading of those facts, the court must be cognizant that a complaint filed in federal court is governed by the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, which only requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly,* 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit explained, a

2

complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

However, the plaintiff does not need to plead facts that establish each element of a cause of action and, "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251. Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

## III. DISCUSSION

Defendant has moved to dismiss Count II of plaintiff's complaint. In Count II, plaintiff alleges that defendant United States Steel is liable to plaintiff under FELA. (DE # 1.) FELA states: "Every common carrier by railroad while engaging in commerce . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce." 45 U.S.C. § 51. Defendant argues that plaintiff, at the time of the alleged injury, was an employee of the Gary Railway Company, not of defendant. Therefore, according to defendant, Count II of plaintiff's complaint must be dismissed. Plaintiff argues that he seeks to hold defendant liable under FELA as an entity engaged in a joint operational railroad activity with his employer, Gary Railway Company, and that the allegations in Count II are sufficient to meet the federal pleading requirements. (DE # 16 at 3.)

Defendant's primary argument is that plaintiff cannot hold defendant liable under FELA, because defendant is not plaintiff's employer. Defendant cites several cases in support of this argument, but those cases were determined at the summary judgment stage based upon the particular facts of those cases, including the contracts between the relevant companies, the work performed by the plaintiffs, and other particular circumstances that helped the court determine whether the joint operational activity doctrine applied. *See, e.g., Dominics v. Illinois Central Railroad Company*, 934 F. Supp. 223 (S.D. Miss. 1996); *Larson v. CSX Transportation, Inc.*, 835 N.E.2d 138 (Ill. App. 1st Dist. 2005). The present motion demands only an assessment of the pleadings, not the evidence. Accordingly, defendant's argument in this regard is entirely premature.

With respect to the pleadings, defendant argues that plaintiff's allegations are insufficient. However, at this point, all that is required of plaintiff is that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray,* 629 F.3d at 662-63; *Twombly,* 550 U.S. at 570. In this case, plaintiff's allegations that United States Steel is liable to plaintiff under the joint operational activity doctrine plainly suffices. Plaintiff's allegations are plausible and put defendant on notice regarding the basis of the claim. Nothing more is required. Accordingly, defendant's motion to dismiss Count II of the complaint must be denied.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE # 10) is **DENIED.**

                                 **SO ORDERED.**

Date: September 13, 2021

                          s/ James T. Moody
                          JUDGE JAMES T. MOODY
                          UNITED STATES DISTRICT COURT